**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BRIO SYSTEMS, INC.,<br><br>          Debtor. | Chapter 7<br><br>Case No.: 23-10670 (JKS)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, solely in his capacity as Chapter 7 Trustee of BRIO SYSTEMS, INC.,<br><br>          Plaintiff,<br><br>v.<br><br>AMAZON WEB SERVICES,<br><br>          Defendant. | Adv. Pro. No. 25-50952 (JKS) |

**AMAZON WEB SERVICES' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT TO AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND
TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

Defendant Amazon Web Services, Inc. ("**Amazon**," "**AWS**," or "**Defendant**") submits this answer ("**Answer**") to Plaintiff's *Complaint to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* (the "**Complaint**"). Pursuant to Fed. R. Civ. P. 8, incorporated by Bankruptcy Rule 7008, Defendant generally denies each and every allegation of the Complaint that is not expressly admitted herein. To the extent that Defendant incorporates Plaintiff's headings into this Answer, Defendant does so for organizational purposes only and does not admit any of the allegations in Plaintiff's headings. To the extent allegations exist in any headings that Defendant does not incorporate into this Answer, Defendant

denies the allegations in said headings. Defendant does not, and is not required to, respond to statements in the Complaint that are legal arguments or proposed conclusions of law. If an answer to any such allegation is required, Defendant denies each such allegation that is not expressly admitted. Defendant reserves the right to amend its Answer consistent with the facts discovered in this case. Defendant hereby specifically answers the Complaint as follows:

## NATURE OF THE CASE

1. Answering Paragraph 1 of the Complaint, Plaintiff's statement about what relief it seeks in the Complaint speaks for itself and requires no answer. Defendant denies that Plaintiff's claims have merit and that Plaintiff is entitled to any relief.

2. Answering Paragraph 2 of the Complaint, Plaintiff's statement about what relief it seeks in the Complaint speaks for itself and requires no answer. Defendant denies that Plaintiff's claims have merit and the Plaintiff is entitled to any relief.

## JURISDICTION AND VENUE

3. Answering Paragraph 3 of the Complaint, Defendant states that the allegations therein call for a legal conclusion for which no response is required.

4. Answering Paragraph 4 of the Complaint, Defendant states that the allegations therein call for a legal conclusion for which no response is required.

5. Answering Paragraph 5 of the Complaint, Defendant states that the allegations therein call for a legal conclusion for which no response is required.

6. Answering Paragraph 6 of the Complaint, Defendant states that Plaintiff's statement that it consents to entry of final orders and judgments by the Bankruptcy Court speaks for itself and requires no answer.

7. Answering Paragraph 7 of the Complaint, Defendant states that the allegations therein call for a legal conclusion for which no response is required.

### THE PARTIES

8. Answering Paragraph 8 of the Complaint, Defendant admits the allegations therein.

9. Answering Paragraph 9 of the Complaint, Defendant admits that it was a vendor and/or creditor that provided cloud computing and storage services to the Debtor.

10. Answering Paragraph 10 of the Complaint, Defendant admits the allegations therein.

### FACTUAL ALLEGATIONS

11. Answering Paragraph 11 of the Complaint, Defendant admits that the Debtor commenced a voluntary case under chapter 7 of the Bankruptcy Code on May 23, 2023.

12. Answering Paragraph 12 of the Complaint, Defendant admits that, on the Petition Date, the Trustee was appointed as chapter 7 trustee for the Debtor's estate and that, thereafter, a section 341(a) meeting of creditors was held and concluded.

13. Answering Paragraph 13 of the Complaint, Defendant admits that Debtor filed its respective Schedules of Assets and Liabilities and Statements of Financial Affairs on May 23, 2023.

14. Answering Paragraph 14 of the Complaint, Defendant is without sufficient information to admit or deny the allegations therein and therefore denies the same.

### PRE-PETITION DATE TRANSFERS

15. Answering Paragraph 15 of the Complaint, Defendant states that it is without sufficient information to admit or deny the allegations in Paragraph 15 and therefore denies the same.

16. Answering Paragraph 16 of the Complaint, Defendant admits that Debtor entered into the AWS Customer Agreement with Defendant for the purchase of cloud computing and storage services from the Defendant, as further evidenced by one or more invoices, communications, and other documents.

17. Answering Paragraph 17 of the Complaint, Defendant admits that it received payment of certain invoices as follows: $13,848.78 on or about March 4, 2023, and $12,352.27 on or about March 13, 2023. However, the Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 17 and therefore denies the same.

18. Answering Paragraph 18 of the Complaint, Defendant is without sufficient information to admit or deny the allegations in Paragraph 18 and therefore denies the same.

19. Answering Paragraph 19 of the Complaint, Defendant states that the Complaint speaks for itself.

20. Answering Paragraph 20 of the Complaint, Defendant is without sufficient information to admit or deny the allegations therein and therefore denies the same.

21. Answering Paragraph 21 of the Complaint, Defendant admits that in February 2025, Plaintiff, through counsel, sent a demand letter to Defendant. Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 21 and therefore denies the same.

22. Answering Paragraph 22 of the Complaint, Defendant is without sufficient information to admit or deny the allegations therein and therefore denies the same.

23. Answering Paragraph 23 of the Complaint, Defendant states that the allegations therein call for a legal conclusion for which no response is required.

**CLAIMS FOR RELIEF**

## First Claim for Relief
### (Avoidance of Preference Period Transfers - 11 U.S.C. § 547)

24. Answering Paragraph 24 of the Complaint, Defendant incorporates, reiterates, and repeats its answers to the preceding paragraphs as though fully set forth herein.

25. Answering Paragraph 25 of the Complaint, Defendant admits that it received certain payments of outstanding invoices during the Preference Period in the amounts identified on Exhibit A to the Complaint.

26. Answering Paragraph 26 of the Complaint, Defendant is without sufficient information to admit or deny the allegations in this Paragraph and therefore denies the same.

27. Answering Paragraph 27 of the Complaint, Defendant admits that it was a creditor of the Debtor by virtue of the fact that it performed services for the Debtor pursuant to the terms of the AWS Customer Agreement and that the Debtor was obligated to pay the Defendant according to the terms of the AWS Customer Agreement.

28. Answering Paragraph 28 of the Complaint, Defendant admits that it received certain transfers from Plaintiff to either reduce or satisfy one or more debts owed by the Debtor. Defendant denies that such transfers are subject to avoidance under the Bankruptcy Code. The remaining allegations in Paragraph 28 of the Complaint call for a legal conclusion for which no response is required.

29. Answering Paragraph 29 of the Complaint, Defendant admits that it received certain transfers from Plaintiff on account of one or more antecedent debts. Defendant denies that such transfers are subject to avoidance under the Bankruptcy Code.

30. Answering Paragraph 30 of the Complaint, Defendant is without sufficient information to admit or deny the allegation that the Debtor was insolvent at the time of the alleged transfers and therefore denies the same.

31. Answering Paragraph 31 of the Complaint, Defendant admits the allegations therein.

32. Answering Paragraph 32 (subparagraphs i-iii) of the Complaint, Defendant is without sufficient information to admit or deny the allegations therein and therefore denies the same.

33. Answering Paragraph 33 of the Complaint, Defendant denies the allegations therein.

**Second Claim for Relief**
**(Avoidance of Fraudulent Conveyances - 11 U.S.C. § 548(a)(1)(B))**

34. Answering Paragraph 34 of the Complaint, Defendant incorporates, reiterates, and repeats its answers to the preceding paragraphs as though fully set forth herein.

35. Answering Paragraph 35 of the Complaint, Defendant denies that the alleged transfers were made for less than reasonably equivalent value. The Defendant is without sufficient information to admit or deny the remaining allegations in Paragraph 35 and therefore denies the same.

36. Answering Paragraph 36 of the Complaint, Defendant denies the allegations therein.

**Third Claim for Relief**
**(Recovery of Avoided Transfers - 11 U.S.C. § 550)**

37. Answering Paragraph 37 of the Complaint, Defendant incorporates, reiterates, and repeats its answers to the preceding paragraphs as though fully set forth herein.

38. Answering Paragraph 38 of the Complaint, Defendant denies the allegations therein.

39. Answering Paragraph 39 of the Complaint, Defendant states that the allegations therein call for legal conclusions for which no response is required.

40. Answering Paragraph 40 of the Complaint, Defendant denies the allegations therein.

**Fourth Claim for Relief**
**(Disallowance of all Claims - 11 U.S.C. § 502(d) and (j))**

41. Answering Paragraph 41 of the Complaint, Defendant incorporates, reiterates, and repeats its answers to the preceding paragraphs as though fully set forth herein.

42. Answering Paragraph 42 of the Complaint, Defendant denies the allegations therein.

43. Answering Paragraph 43 of the Complaint, Defendant denies that Defendant is liable for any alleged transfers.

44. Answering Paragraph 44 of the Complaint, Defendant denies the allegations therein.

**RESERVATION OF RIGHTS**

45. Paragraph 45 of the Complaint is a reservation of rights and therefore no response is required. To the extent that a response is required, Defendant denies the allegations therein.

**CONCLUSION**

Answering Paragraphs A through F of the Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief.

**DEFENDANT'S STATEMENT PURSUANT TO FED. R. BANKR. P. 7012(b)**

Defendant, for purposes of this Adversary Proceeding only, consents to entry of final orders or judgment by the Bankruptcy Court.

**DEFENDANT'S AFFIRMATIVE DEFENSES**

Without assuming Plaintiff's burden of proof on any issue, Defendant alleges the following affirmative defenses. The full extent to which Plaintiff's claims may be barred by one or more affirmative defenses, if not specifically set forth below, cannot be determined until Defendant has had an opportunity to complete discovery. Therefore, Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that it would be appropriate. In addition, Defendant incorporates by reference all affirmative defenses contemplated by the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure.

**FIRST AFFIRMATIVE DEFENSE**

1. The Complaint is barred by Plaintiff's failure to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The Complaint is barred by the affirmative defenses contained in Section 550 of the Bankruptcy Code, including affirmative defenses premised on Defendant's status as a good faith transferee for value.

**THIRD AFFIRMATIVE DEFENSE**

3. The Complaint is barred by 11 U.S.C. § 547(c), including subsections (c)(2) and (c)(4).

## FOURTH AFFIRMATIVE DEFENSE

4. The Complaint is barred by 11 U.S.C. § 547(b).

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

A. Dismissal, with prejudice, of the Complaint.

B. An award of attorneys' fees and costs incurred in defending this action, to the extent such costs and fees are recoverable by law or in equity.

C. Such other relief that this Court deems just and proper.

Dated: July 21, 2025

**K&L GATES LLP**

*/s/ Matthew B. Goeller*
Matthew B. Goeller (No. 6283)
600 N. King St., Suite 901
Wilmington, Delaware 19801
Telephone: (302) 416-7080
Email: steven.caponi@klgates.com
matthew.goeller@klgates.com

*Counsel to Amazon Web Services, Inc.*