**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| BRIO SYSTEMS, INC., | ) |
| | ) Case No. 23-10670 (JKS) |
| Debtor. | ) |
| | ) |
| | ) |
| ALFRED T. GIULIANO, solely in his capacity | ) |
| as Chapter 7 Trustee of BRIO SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Pro. No. 25–50952 (JKS) |
| v. | ) |
| | ) |
| AMAZON WEB SERVICES, | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT
OF AVOIDANCE ACTION PURSUANT TO FED. R. BANKR. P. 9019**

Alfred T. Giuliano, in his capacity as the chapter 7 trustee of the estate of Brio Systems, Inc. and plaintiff herein (the "Trustee"), by and through its undersigned counsel, hereby moves this Court (the "Motion") for the entry of an order, substantially in the form annexed hereto as *Exhibit A* (the "Proposed Order"), approving the settlement of the above-captioned adversary proceeding pursuant to Fed. R. Bankr. P. 9019 in accordance with the terms of a stipulation and settlement agreement dated April 6, 2026, and in support thereof, respectfully represents as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATE**

1.      This Court has jurisdiction to consider this Motion as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these proceedings is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is 11 U.S.C. § 105

231707431 v3

& 363(b), as supplemented by Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELEVANT FACTUAL & PROCEDURAL BACKGROUND

2. On May 23, 2023 (the "Petition Date"), the above-captioned debtor (the "Debtor") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), commencing this case (the "Chapter 7 Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court" or "Court").

3. On May 23, 2023, the Trustee was appointed as the interim chapter 7 trustee in this case pursuant to section 701 of the Bankruptcy Code and has since qualified and is now serving as permanent chapter 7 trustee of the estate.

4. On May 21, 2025, the Trustee filed a complaint (the "Complaint") against Amazon Web Services (the "Defendant") to avoid and recover certain transfers (the "Transfers") pursuant to 11 U.S.C. §§ 547, 548, and 550 and disallow claims pursuant to 11 U.S.C. § 502 (Adv. Pro. No. 25–50952 (JKS) (the "Adversary Proceeding").

5. Following arm's length negotiations, the Trustee and the Defendant have reached an agreement to resolve the Trustee's claims in accordance with the terms of a Stipulation and Settlement Agreement dated April 6, 2026 (the "Settlement Agreement"), a copy of which is annexed hereto as *Exhibit B*.

6. Pursuant to the Settlement Agreement, the Defendant has agreed to pay the Trustee the sum of $3,000 (the "Settlement Amount") within ten (10) days of the execution date, in full and complete satisfaction of the Trustee's claims to avoid and recover the Transfers pursuant to

2

Chapter 5 of the Bankruptcy Code. The Trustee shall hold the Settlement Amount in escrow until the Bankruptcy Court's order approving the Settlement Agreement becomes a final order.

## RELIEF REQUESTED

7.       Through this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Order, approving the settlement of the Adversary Proceeding and of the claims asserted in the Complaint in accordance with the terms of the Settlement Agreement pursuant to Bankruptcy Rule 9019.

## BASIS FOR RELIEF REQUESTED

8.       Bankruptcy Rule 9019(a)[3] sets forth the requirements for the settlement or compromise of controversies after notice to all creditors and a hearing.

9.       Under this authority, the Third Circuit has emphasized that "to minimize litigation and expedite the administration of a bankruptcy estate, '[c]ompromises are favored in bankruptcy.'" *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (*quoting* 9 COLLIER ON BANKRUPTCY ¶ 9019.03[1] (Alan N. Resnick & Henry J. Sommer eds., 15th ed. 1993).

10.       In addition, this District has recognized that the approval of a proposed compromise and settlement is committed to the sound discretion of the bankruptcy court. *See In re Louise's*, Inc., 211 B.R. 798, 801 (D. Del. 1997).

11.       Before approving a settlement under Bankruptcy Rule 9019, a court must determine whether "the compromise is fair, reasonable, and in the interests of the estate*." In re Marvel Entm't Grp., Inc.,* 222 B.R. 243, 249 (D. Del. 1998) (*quoting Louise's*, 211 B.R. at 801).  The Third Circuit has enumerated four factors that should be considered in determining whether a compromise

---

[3] Rule 9019(a) of the Bankruptcy Rules provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." *See* Fed. R. Bankr. P. 9019(a).

3

should be approved: (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors. *See Martin*, 91 F.3d at 393 (*citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424-25 (1968)).

12.     Fundamental to the process of evaluating proposed settlements is "the need to compare the terms of the compromise with the likely rewards of litigation." *TMT Trailer Ferry* 390 U.S. at 425. "[T]he court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is 'within the reasonable range of litigation possibilities.'" *In re World Health Alternatives, Inc.,* 344 B.R. 291, 296 (Bankr. D. Del. 2006) (*quoting In re Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979)).

13.     The Trustee submits that the term of the Settlement Agreement meets the above criteria. As noted, the proposed settlement resolves the dispute between the Trustee and the Defendant regarding the Transfers and facilitates recovery as expeditiously as possible for the benefit of the Estate.

14.     If the Trustee had to litigate the Adversary Proceeding, the Estate would face time-consuming and expensive litigation, including but not limited to proving the prima facie elements of the section 548 and 550 claims against the Defendant with respect to the Transfers. Moreover, if the Adversary Proceeding against the Defendant was further litigated, the Defendant may be able to prove that the Transfers sought to be recovered is not avoidable and/or recoverable as a result of the Defendant's alleged defenses., particularly after considering the additional costs associated with continuing to litigate the Adversary Proceeding.

4

15.     Accordingly, the Trustee, based upon the exercise of his business judgment, respectfully submits that the Settlement Agreement is a fair and equitable settlement, is in the best interests of the estate and should be approved.

## NOTICE

16.     This Motion will be served upon: (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel for the Defendant; (iii) all creditors; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an order: (i) approving the Settlement Agreement; (ii) authorizing the Trustee to enter into the Settlement Agreement and take any and all actions necessary or appropriate to implement the Settlement Agreement; and (iii) for other and such other and further relief as the Court deems just and proper.

[*signature page follows*]

231707431 v3

Dated:  April 13, 2026

By: */s/ Natasha M. Songonuga*

Natasha M. Songonuga, Esq. (Bar No. 5391)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, DE 19801
Tel: (302) 777-4350
Email:  nsongonuga@archerlaw.com

-and-

Douglas G. Leney[4]
Paris Gyparakis[5]
ARCHER & GREINER, P.C.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
Tel: (215) 963-3300
Email: dleney@archerlaw.com
        pgyparakis@archerlaw.com

*Attorneys for Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee and Plaintiff*

---

[4] Admitted *pro hac vice.*

[5] Admitted *pro hac vice.*

6

231707431 v3