**EXHIBIT B**

**Settlement Agreement**

231707431 v3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| BRIO SYSTEMS, INC., | ) |
| | ) Case No. 23-10670 (JKS) |
| Debtor. | ) |
| | ) |
| | ) |
| ALFRED T. GIULIANO, solely in his capacity | ) |
| as Chapter 7 Trustee of BRIO SYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Adv. Pro. No. 25–50952 (JKS) |
| v. | ) |
| | ) |
| AMAZON WEB SERVICES, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**STIPULATION AND SETTLEMENT AGREEMENT**

This Settlement Agreement (this "Agreement") is made and entered into as of April 6, 2026, by and between Amazon Web Services, Inc. ("AWS") and Alfred T. Giuliano, solely in his capacity as the chapter 7 trustee of the estate of Brio Systems, Inc. (the "Trustee," and, together with AWS and the Debtor, the "Parties," and each, a "Party"). The Parties hereby stipulate and agree as follows:

**RECITALS**

**WHEREAS**, on May 23, 2023 (the "Petition Date"), the above-captioned debtor (the "Debtor") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), commencing this case (the "Chapter 7 Case") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

**WHEREAS**, on the Petition Date, the Trustee was appointed as chapter 7 trustee of the Debtor's estate pursuant to section 701(a) of the Bankruptcy Code;

**WHEREAS**, on May 21, 2025, the Trustee filed a complaint (the "Complaint") against AWS to avoid and recover certain transfers pursuant to 11 U.S.C. §§ 547, 548, and 550 and disallow claims pursuant to 11 U.S.C. § 502 (Adv. Pro. No. 25–50952 (JKS) (the "Adversary Proceeding," and such claims asserted in the Complaint, the "Claims");

**WHEREAS**, AWS disputes that the Debtor is entitled to avoid and recover the Claims, and has asserted certain defenses to the Claims, including the ordinary course of business defense under Section 547 of the Bankruptcy Code;

**WHEREAS**, the Parties have engaged in settlement discussions and wish to compromise and settle the claims asserted in the Complaint as is further described herein.

**NOW, THEREFORE**, in consideration of the mutual promises, covenants, releases, and agreements herein contained and for good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties agree as follows:

<u>AGREEMENT</u>

1.      AWS shall pay the Trustee the sum of $3,000.00 (the "Settlement Amount") as full and final settlement and satisfaction of the Claims and the Adversary Proceeding, subject to the terms of this Agreement.

2.      AWS shall pay the Settlement Amount via a check payable to **"Alfred T. Giuliano, as chapter 7 trustee of the bankruptcy estate of Brio Systems, Inc."** or by wire pursuant to instructions to be provided by the Trustee, so as to be received by the Trustee's undersigned counsel within twenty-one (21) days of the Bankruptcy Court's entry of a final, non-appealable order approving this Agreement and the Trust providing a current W9 and payment remittance information to AWS (the "Payment Date").

3.      Within one (1) business day after this Agreement has been fully executed, the Trustee shall file a motion with the Bankruptcy Court for approval of this Agreement pursuant to Bankruptcy Rule 9019.

4.      Upon the Payment Date, except for any obligations created by this Agreement, AWS releases and forever discharges the Debtor's bankruptcy estate, the Trustee, and their respective past and present agents, attorneys, predecessors, successors, and assigns (collectively, the "Estate Released Parties"), separately and collectively, from any and all claims or causes of action that AWS now has or has had, whether known or unknown; *provided* that AWS (a) does not release nor discharge any scheduled claims listed by the Debtor for AWS in the Debtor's schedules of assets and liabilities nor does AWS release or discharge any proofs of claim filed in the Debtor's Chapter 7 Bankruptcy Case and (b) AWS does not waive any right to file a proof of claim under section 502(h) of the Bankruptcy Code for payment of the Settlement Amount.

5.      Upon the clearing of the full Settlement Amount after the Payment Date, except for any obligations created by this Agreement, the Estate Released Parties release and forever discharge AWS, its affiliates, and its past and present agents, attorneys, predecessors, successors, and assigns, separately and collectively, from any and all claims and causes of action, including those arising under chapter 5 of the Bankruptcy Code, known or unknown, of any nature or type, that the Estate Released Parties have, or may have, against AWS related to the Claims, the Adversary Proceeding, the Debtor, and/or the Debtor's Chapter 7 Bankruptcy Case.

6.      Within fourteen (14) days of the Trustee's receipt of the Settlement Amount, the Trustee shall cause the Complaint and the Adversary Proceeding to be dismissed with prejudice and without fees or costs to either side.

7.     The Parties acknowledge that this Agreement is subject to and contingent upon approval by the Bankruptcy Court and agree to take no action inconsistent with this Agreement pending final approval.

8.     Each of the Parties agree that this Agreement is a compromise and settlement of disputed claims, and no Party admits liability, wrongdoing or responsibility on the part of any such Party.

9.     In the event of any ambiguity or question of intent or interpretation, this Agreement shall be construed as if drafted jointly by the Parties and no presumption or burden of proof shall arise favoring or disfavoring any Party by virtue of the authorship of any of the provisions of this Agreement.

10.     Each party shall bear its own costs, fees and expenses relating to this matter.

11.     The Bankruptcy Court shall retain jurisdiction to resolves any disputes or controversies arising from or related to this Agreement.

12.     This Agreement shall inure to the benefit of and be binding upon the Parties hereto and their respective heirs, administrators, executors, successors, and assigns.

13.     This Agreement contains the entire agreement between the Parties and can only be modified by a writing signed by the Parties.

14.     Each Party hereto, including but not limited to any person signing as counsel for a Party, represents and warrants to each other Party that its execution, delivery, and performance of this Agreement has been duly authorized by all necessary corporate, partnership, or other applicable action, and that this Agreement is valid and binding upon it.

15.     This Agreement may be executed and delivered in any number of counterparts, each of which, when executed and delivered (including by facsimile or email transmission) shall

4

Docusign Envelope ID: 33F64CBA-75CC-476F-ADDD-55833C41CC1A

be, and have the force and effect of an original, and all of which together shall constitute one and the same agreement.

[*signature pages follow*]

5

**ACCEPTED AND AGREED:**

Dated: March 25, 2026

Dated:

**Amazon Web Services, Inc.**

**Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee and Plaintiff**

By: _____

DocuSigned by:

E1317158A2424B3...

Name: Antonio Masone

Alfred T. Giuliano

Title: Authorized Signatory

6

**ACCEPTED AND AGREED:**

Dated: Click or tap to enter a date.

Dated: April 6, 2026

**Amazon Web Services, Inc.**

**Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee and Plaintiff**

By: _____

Name:

Title:

Alfred T. Giuliano

6

1607055032.4